540· APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Newby—45 Ind. App. 540.

## INDIANAPOLIS AND NORTHWESTERN TRACTION COMPANY *v.* NEWBY, ADMINISTRATOR.

[No. 6,564.   Filed December 7, 1909.   Rehearing denied March 11, 1910.]

1. RAILROADS.— *Interurban.— Highway   Crossings.— Negligence.— Complaint.*—A complaint alleging that the plaintiff's decedent was driving along a public highway, that defendant interurban railroad company negligently ran one of its cars, without signal, over the crossing, thereby killing such decedent, that the death was caused solely by reason of such negligence, shows to the ordinary person that the decedent was upon the highway and that defendant's negligence was the cause of his death.   p. 542.

2. PLEADING.—*Complaint.—Test of.*—The test of the sufficiency of a complaint is whether a person of ordinary understanding can know what was intended thereby, and not whether an extraordinarily acute mind can distort the meaning into something different.   p. 543.

3. APPEAL.— *Briefs.— Waiver.*— Points not discussed are waived. p. 543.

4. RAILROADS.—*Damages.—Evidence.—Earnings of Decedent.*—In an action for damages for the death of a person, evidence of "what the earnings of [decedent] would be a year, including and up to" the time of his death, is admissible, the net earnings being the proper standard in estimating the damages.   p. 543.

5. RAILROADS.— *Interurban.— Negligence.— Evidence.— Highway Crossing Signals.—Custom of Steam Railroads.*—In an action against an interurban railroad company for negligently killing plaintiff's decedent, because of failure to give a highway crossing signal, evidence as to the custom of steam railroad companies as to the giving of such signals, is inadmissible.   p. 544.

6. RAILROADS.—*Interurban.—Instructions.—Proof of Complaint.— Failure to Set Out Allegations.*—An instruction that the burden is upon the plaintiff to prove the allegations of his complaint, without setting them out, is not improper.   p. 544.

7. RAILROADS.— *Interurban.— Damages.— Instructions.— Considering Evidence.*—An instruction, in an action for death by wrongful act, that if the jury should find for the plaintiff, it should award such damages as in its judgment would fairly compensate his decedent's widow and children, if any, dependent upon decedent for support, not exceeding the amount demanded, does not prescribe an improper measure of damages, nor invite an amount not warranted by the evidence.   p. 545.

Indianapolis, etc., Traction Co. *v.* Newby—45 Ind. App. 540.

8. DAMAGES.—*Excessive.—Verdict.—Consideration of Evidence.*— A verdict for $5,000, for the negligent killing of a man forty-seven years old, earning $1,000 per year, affirmatively shows that the jury did not go outside of the evidence in determining the amount of damages. p. 546.

9. TRIAL.—*Instructions.—Answers to Interrogatories.—Evidence.*— An instruction, in an action for death because of negligence, against an interurban railroad company that if, as to any interrogatory, there is no evidence, or not sufficient evidence, the answer should be "No evidence," or "Not sufficient evidence," is not necessarily harmful to defendant, the answer being legally equivalent, both being a finding against the party having the burden of proof. p. 546.

10. TRIAL.—*Interrogatories.—Insufficient Answers.—Remedy.*—The remedy for an imperfect answer to an interrogatory to the jury, is a motion to require a complete answer. p. 547.

11. RAILROADS.—*Interurban.—Failure to Give Highway Crossing Signal.—Interrogatories.—Harmless Error.*—In an action against an interurban railroad company for death caused by an alleged failure to give a highway crossing signal, the answer "Not sufficient evidence," to an interrogatory as to whether a signal was given 1,000 feet from the crossing, is not controlling, since neither an affirmative nor a negative answer would have required a judgment for defendant, the question of negligence still remaining for the jury. p. 547.

12. RAILROADS.— *Interurban.— Highway Crossing Accident.— Evidence.—Question for Jury.*—Where defendant's car, running in a deep cut, approached a highway crossing, and the plaintiff's decedent was approaching the crossing from the same direction, the atmosphere being foggy, and decedent being unable to see the car more than one hundred feet, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury, where the evidence as to the giving of the proper signal is conflicting. p. 548.

13. COURTS.—*Appellate.—Decisions.—Duty to Set Out Record for Transfer to Supreme Court.*—The Appellate Court is under no duty to set out, in its opinion, the record presenting every point discussed in order that the losing party may present such question to the Supreme Court on a petition to transfer. p. 549.

14. COURTS.—*Appellate.—Decisions.*—The Appellate Court is not required to write an opinion in affirming a case. p. 550.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Melvin Newby, as administrator of the estate of Peter Cruse, deceased, against the Indianapolis and North-

western Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed*.

*W. S. Christian* and *W. H. Latta*, for appellant.
*Kane & Kane* and *Gavin & Davis*, for appellee.

HADLEY, J.—Appellee sued appellant for the negligent killing of appellee's decedent, Peter Cruse, at a highway crossing on appellant's line of railroad.

The complaint is in one paragraph, and after fully describing the highway and the railroad at the point of intersection, and the surrounding country, proceeds as follows: ''That on March 20, 1905, plaintiff's decedent, said Peter Cruse, was driving westward upon said highway toward the town of Zionsville, in a buggy drawn by one horse; that defendant on this occasion negligently and carelessly ran one of its electric cars toward, across and over said crossing at the highly dangerous rate of sixty miles an hour, and carelessly and negligently failed to give any signal or warning of its approach to said crossing, so that, as a consequence of and solely by reason of said negligence of said defendant, it carelessly and negligently ran its said car over and against said buggy in which plaintiff's decedent was riding, and over and against said plaintiff's decedent, whereby plaintiff's decedent was crushed, bruised, mangled and thrown a distance of 100 feet and instantly killed.''

To this complaint a demurrer was filed, which was overruled. This ruling is assigned as error. Appellant asserts that this complaint is defective, for the reason that it

1. does not allege that at the time decedent was injured he was upon the public highway. In our opinion the complaint is not defective for this reason. It states that decedent was traveling westward upon said highway, and that appellant, at that time, negligently and carelessly ran one of its electric cars over said crossing, so that as a consequence of and solely by reason of said negligence of appellant, said car ran against said buggy, thereby killing ap-

pellee's decedent. We do not think it possible that a person of ordinary understanding could fail to know what was intended by this language, and this is all that is required by the statute. Our practice should not and does not require that a complaint should so state facts that an extraordinarily acute mind may not evolve from it a meaning that is clearly not intended, and is contrary to a reasonable interpretation of its averments. Furthermore, the complaint states that the injury was caused as a consequence of and solely by reason of the negligence of appellant. In the absence of a motion to make more specific, and in the light of the other averments, this is a sufficient charge of actionable negligence. The complaint was therefore sufficient. Upon the trial of the cause a verdict was returned in favor of appellee. With its general verdict the jury returned answers to interrogatories. Appellant moved for a judgment on the interrogatories, which motion was overruled. It then presented a motion for a new trial, which motion was also overruled.

Both of these rulings are assigned as error, the first, however, is not discussed, and is therefore waived. Under the exceptions to the ruling on the motion for a new trial, appellant presents many questions, the first of which is the admission of the testimony of Thomas Hussey, over appellant's objection, the objectionable question being: "You may state to the jury what the earnings of Mr. Cruse would be a year, including and up to March 20, 1905, the date he was killed, from his business; his farm as he conducted it, as you knew that he conducted it." It is urged against this question that it calls for the gross earnings of the decedent, and includes whatever property he owned or leased in making that gross income, which property is not lost by his death, and which it is not proper to consider in determining his earning capacity. We do not think the question subject to the objection urged. It clearly asks the witness to state what Mr. Cruse earned; not what his

farm produced, but what his services were worth as a farmer, and it was proper to include in this estimate his capacity as a farmer. Certainly his services were worth more if he was a good farmer than if he was a poor one. It appears from the record that, upon further examination of the witness, in answering the question he had included therein the rental value of the farm and other matters not proper to be considered; but in this further examination the witness clearly made the separation of the proper from the improper, and testified explicitly as to the net earning capacity of decedent, which he put at $1,000 a year. There was no reversible error in this ruling.

Appellant also objects to the refusal of the court to permit a witness of appellant, upon direct examination, to testify as to whether there was in this State a customary signal used by steam railroad engines when approaching public highway crossings. We fail to see any relevancy of this testimony to the case at bar. Appellant did not conduct a steam railroad, decedent was not killed by an engine or train on the steam railroad, and a custom of a steam railroad could and should have no bearing upon the questions in issue. There was no claim that decedent did not know the highway crossing signal of either the interurban or steam railroad when he heard it. The evidence was properly excluded.

Objection is made to instruction two, upon the request of appellee. By this instruction the jury was told that by the general denial of appellant the burden was upon appellee to prove the material allegations of the complaint by a fair preponderance of the evidence; and if appellee had so proved such material allegations, then he was entitled to recover such damages as would compensate the widow and children for the injuries sustained, not exceeding the amount demanded in the complaint, unless it appeared from the evidence that decedent was guilty of negligence contributing to his death. The objections to this in-

struction are twofold: (1) It is urged that the instruction is erroneous, for the reason that it authorizes recovery on proof of the material allegations of the complaint, without specifying what the material allegations are; (2) that it is erroneous in the measure of damages, in that it does not limit the jury to the evidence nor the law. The first contention of appellant is decided adversely to it in the following cases: *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259; *Louisville, etc., R. Co.* v. *Grantham* (1885), 104 Ind. 353.

We will consider the second proposition together with the sixteenth instruction given by the court, which is as follows:

"If you find for plaintiff, you will award such damages as in your judgment will fairly compensate his widow and children, if any, dependent on him for support, not exceeding the amount named in the complaint."

The proposition here laid down in general terms is correct. Taken together, the jury is told that it shall only give damages compensating decedent's dependents for their loss, which implies pecuniary loss. If the instruction was not as specific and clear as appellant desired upon this question, it was its duty to ask for a more definite and explicit statement and definition. *New Castle Bridge Co.* v. *Doty, supra; Louisville, etc., R. Co.* v. *Grantham, supra; Indianapois, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324; *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411; *DuSouchet* v. *Dutcher* (1888), 113 Ind. 249; *Crum* v. *State* (1897), 148 Ind. 401. This, appellant did not do. All of the instructions asked by appellant were given by the court. Neither are said instructions open to the objection that the jury is thereunder warranted in determining the damages aside from the evidence in the case. *Indianapolis, etc., Traction Co.* v. *Henderson, supra; City of Indianapolis* v. *Scott* (1880), 72 Ind. 196; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409. In the case last cited, after setting out elements of damages, the instruction under consideration contained these

words: "And the amount assessed should be such a sum as, in your judgment, will fully compensate her for the injuries, or any of them, thus sustained." Speaking of the objection to this language, the court say: "One of the objections urged to this instruction is, that it does not require the jury to assess the damages from the evidence in the case. There is no force in this objection. No juror of average intelligence could fail to understand that the court directed him to be guided by the evidence."

Furthermore, in a large number of instructions given in this case, the jury was told, over and over again, that its finding should be from the evidence in the case. The verdict of $5,000 for the death of a man forty-seven years of age, who had an earning capacity of $1,000 a year, clearly shows that the jury did not go outside of the evidence in rendering its verdict. There was no reversible error in the giving of this instruction.

Appellant urges an objection to instruction two, given by the court on its own motion, which is as follows: "If as to any fact inquired there is no evidence, or not sufficient evidence, as to such interrogatory you will answer, 'No evidence,' or 'Not sufficient evidence,' or you may answer them against the party having the burden of proof." This instruction is not to be commended. If there is no evidence to support an answer to an interrogatory, it is proper for the jury to answer, "No evidence," or to answer the interrogatory against the party having the burden of proof, and "Not sufficient evidence" is the same as "No evidence," and its repetition, as in the instruction before us, can serve no useful purpose, but we fail to see how appellant has been harmed. If it was necessary to sustain appellee's case for him to prove a certain fact, the finding, "Not sufficient evidence" was against appellee. If, however, it was essential to appellant's defense for it to prove a certain fact, and the burden was upon it so to prove, the answer of "Not sufficient evidence" to an interrogatory on that point is a finding

against it.   In the latter case, if appellant was of the opinion that the interrogatory had not been answered, or had not been answered with sufficient definiteness, its remedy was by motion to require the jury so to answer before being discharged.   *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Pittsburgh, etc., R. Co.* v. *Hixon* (1887), 110 Ind. 225.   No such motion was presented by appellant.   Furthermore, the instruction does not lay down any principle of law governing the merits of the case.   According to appellant's contention, the only answer to an interrogatory, that was influenced by this instruction, was the seventh, as to whether the crossing signal was given 1,000 feet from the crossing, to which the jury answered, "Not sufficient evidence."   This is the same as if the interrogatory had been unanswered.   *Albany Land Co.* v. *Rickel* (1904), 162 Ind. 222.   It is apparent that if the jury had answered this interrogatory in either the affirmative or negative, as it should have been required to do, this would not have required a judgment for appellant.   The jury might well have determined, under all the circumstances of the case, considering the rate of speed, the fogginess of the weather and the character of the crossing, that such a signal was not sufficient to relieve appellant from the charge of negligence.   The error, if any, in giving said instruction is not reversible.   Numerous objections are raised to other instructions given.   We have carefully considered these questions and examined the authorities cited by appellant, and find that the objections are not sustained by the authorities.   The instructions were very full, comprising instructions asked by appellee and instructions asked by appellant.   They fully informed the jury as to their duties and as to the principles of law involved in the consideration of the cause, and it would be unprofitable to take up each question and separately discuss it, as many of the objections urged have been long since settled against the contention of appellant by the decisions of this court and the Supreme Court.

It is finally claimed that the evidence does not support the verdict. Upon all points on the question of negligence the evidence is conflicting. There was evidence to the effect that the crossing of the highway with the railroad was at an angle so acute that at a distance of fifty feet back from the center of the crossing the center of the highway, at a right angle from the railroad, was only eighteen feet from the center of said railroad. Six hundred feet back from said crossing is a barn, between the railroad and the highway. The railroad and the highway run through a cut twelve feet deep. All the way from said barn to within a very short distance of said crossing the ground between the highway and the railroad is high. At no point from the highway, fifty feet from the center of the crossing back to where said barn stands, can a person see an approaching car upon the track opposite or back of him. Sixty feet from the crossing, on clear days, a car can be seen on the track four or five hundred feet to the east. At twenty-six feet from the crossing a car can be seen about the same distance. The car was about three hundred feet away when decedent's horse began to enter upon the track, both were proceeding westward. The car was running at fifty miles an hour when the collision occurred. The horse was traveling three or four miles an hour. Both decedent and the man with him commenced looking and listening for the car when they were seventy-five or one hundred feet from the crossing, and continued to do so until the horse reached the track. There was evidence that persons on the car and persons in the vicinity of the car did not hear any crossing signal before they heard the alarm signal, which was given an instant before the collision occurred. There was no evidence that the crossing signal was given at the minimum statutory distance. There was evidence that it was given 1,000 feet from the crossing, but neither decedent nor his companion heard any signal or knew that a car was approaching. The atmos-

phere was foggy at the time, and before the collision one could not see distinctly over one hundred feet.

In this state of the evidence, we cannot say, as a matter of law, that appellant was not guilty of negligence; neither can we say, as a matter of law, that appellee's decedent was not exercising due care and was guilty of negligence contributing to his injury, these questions being, under the circumstances clearly questions of fact for the determination of the jury. *Pittsburgh, etc., R. Co.* v. *Lynch* (1909), 43 Ind. App. 177. We find no reversible error in the record.

Judgment affirmed.

## ON PETITION FOR REHEARING.

HADLEY, J.—Appellant has very earnestly, but courteously, insisted that this court should grant a rehearing and write another opinion, setting out the instructions which were considered and passed upon, without giving any extended discussion in support of our reasons for our decision thereon. Appellant claims this as a right, on the theory that it is entitled to have the questions on these instructions reviewed by the Supreme Court, on a petition to transfer. In this, however, appellant is laboring under a misconstruction of the transfer act. It has been held repeatedly by this court and the Supreme Court that the purpose of that act was to maintain uniformity of decisions for the benefit of the public, and whatever additional rights it granted to the litigant were incidental. *United States Cement Co.* v. *Cooper* (1900), 172 Ind. 599; *Barnett* v. *Bryce Furnace Co.* (1901), 157 Ind. 572; *Klein* v. *Nugent Gravel Co.* (1904), 162 Ind. 509; *Cleveland, etc., R. Co.* v. *Van Natta* (1909), 44 Ind. App. 608.

In the case last cited the question here involved is fully discussed and determined. As is there said in the affirm-

ance of a case, the law does not require us to write
14. any opinion whatever, and, as between the litigants,
our decisions are final, unless in the interest of the
public they should be set aside. We have reëxamined the
instructions referred to, and it seems so clear that no avail-
able error is presented thereon that we can see no useful
purpose in setting them out or discussing them.

Petition for a rehearing is denied.