# MILLER *v.* COULTER ET AL.

[No. 8,387.   Filed December 11, 1914.]

1. APPEAL.—*Review.*—*Issues.*—*Answers to Interrogatories.*—*Instructions.*—In an action by a lessee against the lessor of a building for damages for property lost in a fire which destroyed the building, where each paragraph of the complaint alleged in substance that the fire originated around the chimney, and that it resulted from an alleged defective condition of such chimney, and the jury's answers to interrogatories returned with a verdict for defendant showed that, while the chimney was used by the occupant of an adjoining building, all flue holes within the building were closed so that neither smoke nor fire could escape therefrom, that there was no evidence to show that the fire originated about the chimney, that the chimney was not defective, and that the fire may have been caused from electric wires, or from some cause other than a defect in the chimney, etc., instructions covering the subject of the landlord's implied promise to repair, the effect that must be assigned to any notice of defects that plaintiff may have had, the effect of an agreement to repair, and stating that plaintiff could not recover in the absence

of proof that the fire was caused as alleged, were not erroneous on the theory that they influenced the jury's answers to the interrogatories, nor can it be said that such answers would have been different had appellant's requested instructions been given. p. 298.

2. TRIAL.—*Issues.—Burden of Proof.—Answers to Interrogatories.* —In an action by a tenant against the owner of a building to recover for property lost by fire which destroyed the building, where plaintiff alleged that the chimney was defective and that the fire resulted from such defective condition, plaintiff had the burden of proving that the fire originated as alleged, hence answers by the jury to interrogatories to the effect that there was no evidence on the subject of whether the fire was caused by defects in the chimney, were equivalent to positive answers against plaintiff. p. 298.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by John C. Miller against David A. Coulter and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Joseph Claybaugh, Thomson & McAdams,* for appellant. *Sheridan & Gruber,* for appellees.

CALDWELL, J.—This action was brought by appellant against appellee, David A. Coulter, and also one William H. Coulter. The latter having died, the former, as administrator of his estate, has been substituted. The complaint is in two paragraphs. The averments essential to an understanding of the controlling questions are in substance as follows: At all times involved, Coulter and Coulter were the owners of a three-story brick building, facing west, at the southeast corner of the intersection of Jackson and Washington streets in Franklin, Indiana, known as "The Coulter Opera House Block". Business rooms on the ground floor were occupied by tenants. The rear part of the second and third stories was equipped with a stage, dressing rooms, etc., and had formerly been used as an opera house. This part of the building was in the possession of the owners. Appellant, as tenant of the owners, occupied the front part

of the second and third floors in conducting a merchant tailoring business, the lease containing a provision by which the Coulters, as lessors, agreed to keep the chimneys, roof, outside walls and windows in repair. On April 29, 1910, within the term of this tenancy, and while appellant was so occupying it, the building was destroyed by fire, whereby appellant's stock of goods, etc., was destroyed. Adjoining the building on the south was a building, not so tall, owned by one Cushwa, and in which he conducted a restaurant and bakery business. The lower part of the south wall of the block was common to both buildings. In the south wall there was a chimney, which passed up along the south end of the stage and extended eight or ten feet above the south wall. The cooking range, bakery oven, etc., in the Cushwa building were, by arrangement with the Coulters, connected with the chimney. The tenants of the block did not use the chimney, but used other chimneys therein. In each paragraph of complaint, appellant charges that the Coulters failed to keep the chimney in repair; that on the south end of the stage, there were two dressing rooms, one above the other, and that in each dressing room, there was a hole in the chimney, to which a stove had formerly been connected, and that there was no covering over either of the openings, and that the chimney was defective in other particulars.

By the first paragraph of complaint, appellant sues on the alleged breach of the covenant to repair. By the second paragraph, for negligence in maintaining the chimney in its alleged defective condition, and for negligence in failing to repair it. In each paragraph it is alleged in substance that the fire originated around the chimney, and that it resulted from its alleged defective condition. There is no charge disassociated from said chimney. There is no claim other than that on account of its condition, fire was cummunicated to combustible material around it over the stage, or where it passed through the roof.

The general verdict was for the defendants. With the general verdict the jury returned answers to a large number of interrogatories.

Appellant bases his contention that this cause should be reversed solely on the giving of certain instructions, and on the refusal of certain others tendered by him. On this contention a twofold question is presented in this court by the briefs: (1) appellees argue that the instructions are not in the record, but that if it should be held otherwise, there was no error in the matter complained of; (2) it is claimed by appellees that the answers returned by the jury to certain interrogatories show affirmatively that any error that may have been committed in refusing or giving such instructions was harmless; to which appellant rejoins that the interrogatories and answers thereto are brought to the attention of this court only by appellees' brief; that the brief does not meet the requirements of the rules of this court, and that, therefore, the interrogatories and answers should not be considered. Appellant further contends that the subject-matter of the instructions refused and also of those given is such that this court can not say that the latter may not have influenced the jury in returning such answers, or that the answers might not have been different had the refused instructions been given. We proceed to determine the second question.

In order for appellant to be entitled to recover on either paragraph of his complaint, he was bound to prove, among other things, that the chimney was defective as alleged, and also that the fire resulted from its defective condition. Appellees to sustain their contention assert that the answers to interrogatories show affirmatively that appellant failed on the question of the cause of the fire. Appellant does not controvert such assertion, but seeks to avoid its effect as indicated. Thus, as indicated, appellant claims that appellees have not complied with the rules of this court in the preparation of

their brief. The defect in appellees' brief has been remedied by permission of this court. To determine appellant's second contention—that is, as to whether the matter of refusing or giving instructions complained of may have affected the answers to such interrogatories as bear on the question of whether defects in the chimney caused the fire, necessitates a partial examination of such interrogatories. In a general way, the answers to the interrogatories, as far as material to the question under consideration, are substantially as follows: At the time of and before the fire the cooking range and baking oven in the restaurant were being fired with wood as fuel, and connected with the chimney. Defendants, sometime prior to the fire, stopped up the flue holes in the chimney at the south end of the stage, using for that purpose metal flue stops, and they were so stopped at the time of the fire. They were not open so as to permit the escape of smoke or fire, and no one had seen smoke escaping therefrom in the last three years, and smoke and fire had never escaped from the flue holes. For several years prior to the fire, the presence of smoke was at times detected in the building, but notwithstanding a careful examination to that end by appellant, defendants and the fire chief, its origin could not be ascertained. There was no evidence to indicate that such smoke came from the chimney. Smoke did escape from the chimney at times at a point two or three feet above the roof line. There was no evidence that the fire caught and started at and around the chimney, or that the fire was first seen around the chimney. There was no evidence that the fire was just starting when discovered, or that it started at or near the chimney, or that it started at the flue holes and burned up around the chimney, or that the fire consisted of a small blaze when first discovered. Being called on, in case a certain other interrogatory was answered in the affirmative to state where, in the chimney was the defective condition, the jury answered "No." All parts of the building, except the

opera house proper, at the time of the fire, were wired for the use of electricity, which electricity was being used by all the tenants. Appellant was using such electricity, and was maintaining coal fires in his stoves. He daily put the ashes from his stoves into wooden vessels, and left such vessels with the ashes therein on wooden floors. He cleaned out his stoves on the day of the fire, and on the day before, and so left the ashes. He had been notified several times by the fire chief to cease so leaving the ashes. Gasoline, matches and coal oil were kept in the building. The fire may have resulted from some cause other than a defect in the chimney, and it may have been caused by electric wires.

We have given only such an abstract of the interrogatories and answers as may be necessary to determine whether instructions refused and given as aforesaid may have affected such answers, as claimed by appellant. Since on the question of the origin and cause of the fire, the burden was on appellant to make proof as alleged, answers to interrogatories bearing on the subject of whether the fire was caused by defects in the chimney, which are to the effect that there is no evidence on such subject, are equivalent to positive answers to such interrogatories against appellant. *Indianapolis Abattoir Co.* v. *Temperly* (1903), 159 Ind. 651, 656, 64 N. E. 906, 95 Am. St. 330; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 439, 67 N. E. 183; *Indianapolis, etc., Traction Co.* v. *Newby* (1910), 45 Ind. App. 540, 90 N. E. 29, 91 N. E. 36. As to instructions tendered by appellant, he complains of the court's refusal to give Nos. 5, 6 and 9. Instruction No. 5 is to the effect that it was not the duty of appellant to make repairs; No. 6, that appellees were chargeable with the natural tendency of buildings to get out of repair; and No. 9, that appellant had a right to assume that appellees would exercise ordinary diligence in making repairs. Appellant complains only of instructions Nos. 5, 12, 17 and 22 given at appellees' request. No criticism is urged against the series of

instructions given by the court on its own motion. Instruction No. 5 is on the subject of the landlord's implied promise to repair. Nos. 12 and 17 are on the effect that must be assigned to any notice of defects that appellant may have had. Instruction No. 22 contains two propositions: (1) that appellant could not recover on his first paragraph in the absence of proof that the fire was caused by defects in the chimney, as alleged, and (2) the effect of an agreement to repair. On the question under consideration, appellant cites and quotes from *Johnson* v. *Culver* (1888), 116 Ind. 278, 19 N. E. 129, and *Harmon* v. *Foran* (1911), 48 Ind. App. 262, 94 N. E. 1050, 95 N. E. 597. In the first case cited, the Supreme Court, in holding that the lower court erred in permitting plaintiff's counsel, over objection, to read in argument to the jury extracts from law books, reflecting somewhat on the credibility of expert testimony, said in substance that the fact that a special verdict was returned did not render the error harmless, for the reason that the conduct complained of had a direct tendency to influence the jury as to its conclusions under the evidence. That such tendency is evident appears from the fact that verdicts, either general or special, rest only upon such evidence as the jury accepts as credible. In the second case cited, it was held that error in charging the jury that a traveler approaching a railroad crossing is presumed not to have been guilty of contributory negligence, was not cured by the answers of the jury returned to interrogatories on the subject of contributory negligence. That said decision is sound is apparent. Where the jury is given an incorrect rule to guide its conduct, the fact that it acted under such rule could not make it correct.

In the case at bar, appellant has not pointed out to us, and we are unable to see wherein the instructions given and complained of could have influenced the jury in its answers to interrogatories on the subject of whether such fire in fact resulted from defects in the chimney, or wherein the

answers would likely have been different had the refused instructions been given. We are, therefore, compelled to hold against appellant on the second question. Such being the case, it is unnecessary to determine the first question presented by the briefs.

There being no prejudicial error in the record, the judgment is affirmed.

NOTE.—Reported in 107 N. E. 14. As to the right and liabilities of tenant on destruction of leased premises, see 94 Am. Dec. 662; 61 Am. St. 566. See, also, under (1) 38 Cyc. 1775; (2) 38 Cyc. 1924; 24 Cyc. 1123.