DIFFENDERFER *v.* CITY OF JEFFERSONVILLE ET AL.

[No. 9,447. Filed February 26, 1918.]

1. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Injuries to Pedestrian.—Contributory Negligence.*—Ordinarily a traveler is not required to forego the use of a street because of a known defect therein, but, if he thereafter attempts to travel the street, he is required to use that degree of care and caution which is commensurate with the knowledge; nor is a traveler necessarily guilty of negligence in attempting to pass over a public street or sidewalk which he knows to be dangerous, even though on account of darkness he cannot see so as to avoid the danger. p. 14.

2. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Injuries to Pedestrian.—Action.—Contributory Negligence.—Burden of Proof.*—In an action for injuries resulting from a fall on an icy sidewalk, the burden of proof on the issue of contributory negligence is upon the defendant, which burden is discharged where it appears from the whole evidence that plaintiff is guilty of negligence contributing to his injury. p. 14.

Diffenderfer *v.* City of Jeffersonville—67 Ind. App. 10.

3. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Injuries to Pedestrian.—Action.—Contributory Negligence.*—In an action for personal injuries resulting from a fall on an icy sidewalk, where plaintiff, knowing the dangerous condition of the sidewalk, attempted to pass over it, and the danger was such that, under the circumstances, an ordinarily prudent person would not have attempted to use the walk, plaintiff was presumptively guilty of contributory negligence, but such presumption was rebuttable by evidence that he used care commensurate with the danger. p. 14.

4. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Injury to Pedestrian.—Contributory Negligence.—Evidence.*—In an action for personal injuries sustained in a fall on an icy sidewalk, where the evidence on the issue of contributory negligence showed that water from a leaky hydrant flowed across a city sidewalk, causing ice to form in freezing weather, so that it was dangerous to use the walk, that there was a grass plot on either side of the walk which was safe for travel, and that plaintiff, knowing such facts, attempted to pass over the sidewalk on a night so dark that he could not see the ice without exercising any care other than looking ahead, and in so doing fell and was injured, such evidence is sufficient to sustain a judgment for defendant. p. 15.

5. APPEAL.—*Review.—Harmless Error.—Instruction.*—In an action for injuries sustained in a fall on an icy sidewalk, where the evidence and the jury's answers to interrogatories affirmatively showed plaintiff's contributory negligence, error, if any, in instructions relating to defendant's duty and its negligence with reference to the removal of obstructions from the sidewalk, and its power to enter upon private property to make repairs, was harmless, and not ground for reversal. p. 15.

6. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Injuries to Pedestrian.—Action.—Instructions.*—In an action for injuries sustained in a fall on an icy sidewalk, an instruction that, if plaintiff had knowledge of the presence of ice on the sidewalk, he must be held to have known that there was danger of falling if he attempted to pass over it in the dark, and if he did attempt to so pass over it, and fell and was injured he could not recover, was not erroneous in view of evidence that plaintiff had lived near the scene of the accident more than four years and customarily used the walk in going to and from his work, that he knew there was ice on the walk, rendering it dangerous, and that, though unable to see on account of darkness, he used no care whatever for his safety. p. 16.

7. MUNICIPAL CORPORATIONS.—*Defective Sidewalk.—Injuries to Pedestrian.—Action.—Instructions.—Contributory Negligence.—Intoxication.*—In an action for personal injuries sustained in a

fall on an icy sidewalk, where there was some evidence that plaintiff was at least partially intoxicated at the time he was injured, instructions informing the jury that intoxication might be taken into consideration as a circumstance in determining whether the person injured was negligent, and whether his negligence contributed to his injury, were not improper. p. 17.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by George M. Diffenderfer against the City of Jeffersonville and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Edward C. Hughes, Joseph H. Warder, Henry F. Dilger* and *James L. Bottorff,* for appellant.

*Jonas G. Howard* and *H. W. Phipps,* for appellees.

IBACH, C. J.—This is an action to recover damages for personal injuries which are alleged to have been occasioned by the negligence of appellees in permitting ice to accumulate and remain for a long time on the sidewalk in front of appellee Sweeney's property in the city of Jeffersonville, the ice being formed from water 'which had escaped from a hydrant on said Sweeney's premises, and from thence passed out upon the sidewalk. A trial by jury resulted in a verdict and judgment for appellee.

Appellant's motion for a new trial was overruled, and such ruling is assigned as error. The grounds of such motion relied upon relate to the action of the court in giving or refusing to give certain instructions, and to the sufficiency of the evidence to sustain the verdict.

As a consideration of the evidence will materially aid in disposing of the objections to the instructions, we will first dispose of the last question discussed by appellant. On the night of February 7, 1914, between ten and twelve o'clock, appellant was injured by fall-

ing on an icy sidewalk. When injured he was walking on what is known as Front street in the city of Jeffersonville along the sidewalk adjacent to the property of the appellee Sweeney. Appellant had lived in the vicinity of this walk for some years prior to his injury, and was acquainted with it. For three days just prior to February 7, he was confined to his home on account of sickness, and had not passed over this sidewalk during that time. For sometime prior to said date there was a hydrant located on appellee Sweeney's property which had become out of repair and water flowed therefrom over and across the sidewalk. Appellant knew of this condition. He had seen the water flowing over the sidewalk and had noticed ice there during freezing weather. He had observed ice at that particular place during the last days of January and the first days of February, 1914. He passed the place practically every day in going to and from his work. It had rained on February 6 and on that night the weather again turned very cold. About six o'clock on the evening of February 7, appellant left his home and went to the business portion of appellee city. As he approached the defect on his return home he was walking in his usual way, "not a very fast walk." He was looking ahead. "I always look ahead when I am walking at night. I could see the sidewalk."

There is evidence also that appellant visited three saloons while down town, and drank two bottles and one glass of beer. There is evidence also that the sidewalk at this point was not structurally defective, and that the presence of the ice was due to the defective hydrant; that there was a grass plot along either side of the walk at this point which was safe for travel, of which appellant had knowledge, and if

appellant had used it he would have avoided injury. Ice had accumulated on the walk in front of appellee Sweeney's property in the city of Jeffersonville on the night of February 6, 1914, and on other occasions during that winter by reason of the defective hydrant. Appellant slipped and fell on the ice which had so accumulated, and received the injuries complained of. At the time he fell the night was dark, and he was unable to see the ice.

Ordinarily a traveler is not required to forego the use of a street because of a known defect therein, but, if he attempts to travel it, having knowledge of

1. the defect, he is then required to use that degree of care and caution which is commensurate with the known danger. He is not necessarily guilty of negligence in attempting to pass over a public street or sidewalk which he knows to be dangerous, and this is true even though on account of the darkness he cannot see so as to avoid the obstruction. *Town of Mooresville* v. *Spoon* (1918), (Ind. App.) 118 N. E. 686, and cases cited.

On the issue of contributory negligence the burden of proof was on appellee. Such burden, however, is discharged where it appears from the whole evi-

2. dence that the plaintiff is guilty of negligence contributing to his injury and, in our judgment, in a case like the present where the defect was

3. such that under the circumstances an ordinarily prudent person would not attempt to pass over it, and he did attempt to pass over it and was injured, his knowledge of the danger will presumptively establish contributory negligence. Such presumption, however, is not conclusive and may be rebutted by evidence of the exercise of ordinary care under the circumstances of the particular case. *Town of Monti-*

*cello* v. *Condo* (1910), 47 Ind. App. 490, 94 N. E. 893; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10; *Village of Clayton* v. *Brooks* (1894), 150 Ill. 97, 105, 37 N. E. 574.

If we are correct in such statement of the law, it then becomes material to inquire if there was any evidence tending to rebut this presumption. The evidence, as heretofore indicated, shows that appellant was well acquainted with the walk and its surroundings, knew of the defective hydrant, and that the water therefrom flowed out across the sidewalk at this particular point; that in freezing weather ice would form there, and that there was danger in attempting to pass over it. It further shows that on the night in question when it was so dark he could not locate the ice he walked down the sidewalk in his usual walk without exercising any care other than looking ahead, which, in view of the extreme darkness, was unavailing. Taking the evidence as a whole, we are unable to find any tending to show that appellant exercised any care of a prudent person under the circumstances, and therefore the evidence is sufficient to sustain the judgment.

Our conclusion is further supported by the answers to interrogatories in which the jury have found the facts to be substantially as we have indicated were shown by the evidence. In short, the answers are in harmony with the general verdict, and show without contradiction that appellant was guilty of contributory negligence in passing over the sidewalk in question.

Although appellant has devoted much of his brief to a discussion of instructions given or refused by the court, we do not believe it necessary for us to consider them all in detail. We have said the evidence and answers to interrogatories affirm-

atively show that appellant was guilty of contributory negligence, so that, if it is conceded that some of the instructions given relating to negligence on the part of appellee and the duties devolving upon it with reference to the removal of obstructions upon its sidewalks and its power to enter upon private property to make repairs were incorrect, they were harmless, and do not constitute ground for reversal, as the answers to the interrogatories could not be said to have been influenced thereby upon the question of contributory negligence. *Baltimore, etc., R. Co.* v. *Morris* (1913), 54 Ind. App. 479, 103 N. E. 35; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869; *Grand Rapids, etc., R. Co.* v. *Oliver* (1913), 181 Ind. 145, 100 N. E. 1066; *Nelson* v. *Chicago, etc., R. Co.* (1913), 55 Ind. App. 373, 103 N. E. 857; *Miller* v. *Coulter* (1914), 57 Ind. App. 295, 107 N. E. 14.

Appellant complains of instruction No. 7 given at the request of appellee. The jury were told by this instruction that if appellant had knowledge of the presence of ice upon the sidewalk, and that the same was slippery, he must be held to have known that there was danger of falling if he attempted to pass over it in the dark, and if he did so attempt to pass over it with knowledge of the presence of the ice, and in so doing fell thereon and was injured, he cannot recover.

The court is unable to determine the precise objection which appellant seeks to make to this instruction, but even if, under some facts, the instruction could be said to be erroneous, it was not erroneous under the facts of this case. The answers to interrogatories, uninfluenced by the instructions complained of, show that appellant had lived within a block of the obstruction complained of for more than four years, and it

was his custom to use such way in going to and from his work, and he had so used the way for the greater part of the six months just preceding the accident; that he knew that there was ice on the sidewalk on the occasion he attempted to pass it immediately before he fell; that he appreciated and knew that ice rendered the sidewalk dangerous to walk upon; that he could have safely passed the ice by walking on the grass plot on either side of the same; that he was unable to see the ice on account of the darkness, and that he made no effort to discover it. The undisputed evidence further shows that appellant used no care whatever for his own safety.

What we have said concerning instruction No. 7 will apply to other instructions discussed relating to the same proposition.

Certain other instructions are assailed upon the ground that they assume that appellant was intoxicated at the time he received his injury, while 7. there is no evidence to show such fact, and it is further contended that such instructions are also erroneous in that they told the jury that intoxication when shown amounted to contributory negligence, which is not the law. There was some evidence from which the jury might have inferred some degree of intoxication, and appellant concedes the rule to be that intoxication when proved may be taken into consideration by the jury as a circumstance in determining whether the person injured was himself negligent at that time, and whether such negligence contributed to his injury. This we believe is as far as the instructions complained of went.

It is unnecessary for us to consider other instructions given at the request of appellee or those refused

which were tendered by appellant, for they are all controlled by the legal principles which we have heretofore announced.

No reversible error is presented by the record.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 836. Municipal corporations: contributory negligence as affecting liability for defects and obstructions in streets, 21 L. R. A. (N. S.) 614, 48 L. R. A. (N. S.) 628; icy sidewalk as defect, liability, 7 Am. Rep. 206; traveller's knowledge of defect, duty as to taking different route, 6 Ann. Cas. 32; contributory negligence as affected by intoxication, 19 Ann. Cas. 1176, Ann Cas. 1914D 114, 47 L. R. A. (N. S.) 737, L. R. A. 1916F 102, 28 Cyc 1422. See under (1) 28 Cyc 1419.