### SHERWOOD *v.* THE STATE.

[No. 2,447.    Filed October 12, 1897.]

APPEAL AND ERROR.—*Bill of Exceptions.—Longhand Manuscript of Evidence.*—A bill of exceptions, to become a part of the record, must be filed with the clerk after it was signed by the judge.    *p. 261.*

SAME.—*Motion in Arrest of Judgment.*—A motion in arrest of judgment in the following words : " The defendant in the above entitled cause moves the court in arrest of judgment for the reason that the facts proved by the State do not constitute an offense against the statute," presents no question to the court for decision.    *pp. 261, 262.*

From the DeKalb Circuit Court.    *Affirmed.*

*J. F. Shuman* and *C. M. Phillips,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *A. E. Davis,* for State.

HENLEY, J.—It is first contended by counsel for ap-

pellee in this cause that the bill of exceptions is not properly in the record. The record shows that the longhand manuscript of the evidence was filed with the clerk February 6, 1897; that the bill of exceptions embodying the evidence was signed by the trial judge March 1, 1897, but the record nowhere shows in any manner the filing of the bill of exceptions. with the clerk after its being authenticated by the signature of the judge. It was necessary that the bill of exceptions be so filed in order that it.become a part of the record. *Kelso* v. *Kelso*, 16 Ind. App. 615; *Makepeace* v. *Bronnenberg*, 146 Ind. 243; *Dreyer* v. *Hart*, 147 Ind. 406.

Appellant has assigned error to this court as follows:

First. That the court erred in overruling appellant's motion for a new trial.

Second. That the court erred in overruling appellant's motion in arrest of judgment in said cause.

The first error assigned cannot be considered in the absence of the evidence. Section 1912, Burns' R. S. 1894, provides that a motion in arrest of judgment may be granted by the court for either of the following causes:

"First. That the grand jury which found the indictment had no legal authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the court.

"Second. That the facts stated in the indictment or information do not constitute a public offense."

The motion in arrest of judgment filed in this cause was, omitting the formal parts, as follows: "The defendant in the above-entitled cause moves the court in arrest of judgment for the reason that the facts proved by the State do not constitute an offense against the statute."

The motion presented no question to the court for decision, and was properly overruled.

We find no error presented by the record herein.

Judgment affirmed.