## Nelson v. Chicago, Lake Shore & South Bend Railway Company.

[No. 6,092.   Filed March 13, 1908.]

1.  TRIAL. — *Instructions. — Peremptory.—Evidence.—How Considered.*—In determining whether a peremptory instruction for defendant should be given, the court should consider only the evidence most favorable to the plaintiff.   p. 399.

2.  INTERURBAN RAILROADS.—*Negligence.—Speed.—Signals.*—It is negligence for an interurban railroad company to run a car, at night, without a headlight, over a street at the speed of fifteen miles per hour, without giving any warning, contributory negligence being the only defense in cases of injury therefrom.   p. 399.

3.  TRIAL.—*Instructions.—Peremptory.—Contributory Negligence.*— A peremptory instruction for defendant on the ground that plaintiff was guilty of contributory negligence, should be given only when the undisputed evidence will not support any other inference.   p. 399.

4.  INTERURBAN RAILROADS.—*Pedestrians.—Contributory Negligence.*—A traveler who, in attempting, at night, to cross an interurban railroad track on a street, was struck by an interurban car running, without a headlight, at the rate of fifteen miles an hour, no signals of any kind being given, and who vainly looked for the approach of a car before attempting to cross, is not guilty of contributory negligence as a matter of law.   p. 399.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by Seth Nelson against the Chicago, Lake Shore & South Bend Railway Company. From a judgment for defendant, plaintiff appeals.   *Reversed.*

*Marvin E. Barnhart, V. S. Reiter* and *L. L. Bomberger,* for appellant.

*Meyer & Drummond,* for appellee.

HADLEY, P. J.—This is an action commenced by appellant in the Lake Superior Court to recover damages from appellee, an interurban railway company, for an injury sustained· by being struck by one of appellee's cars on the streets of Indiana Harbor. The cause went to trial before a jury, and, after the appellant had introduced his testimony, the court, upon motion of appellee, instructed the jury that it

found as a matter of law from the evidence in the cause that appellant was guilty of contributory negligence, which would prevent a recovery by him, and hence the jury were instructed to find for appellee, which was accordingly done. The giving of this instruction is the only question presented for our consideration. The negligence of appellee, as averred, was in operating its car at the rate of fifteen miles per hour without a lighted headlight, without sounding a bell or gong or whistle, with all of which the car was equipped, and in not giving any notice or warning of any kind while approaching the street crossing where appellant was injured.

The evidence of appellant and one Linahan, who was with appellant at the time and was also injured, was to the effect that appellee's railway ran along Michigan avenue in a northerly and southerly direction. They started up Michigan avenue northward on the east side of the street where there was no sidewalk. When they came to the intersection of said Michigan avenue and Grapevine street, which ran east and west, they started to go across diagonally to the west side of Michigan avenue where there was a board sidewalk. They both testified that in making said crossing, and before entering upon appellee's track, they looked up and down the track, but saw no car approaching, and saw no lights except the light more than two blocks away, at the hotel they had left. They stepped upon the track, and walked along the same six or eight feet to a board crossing. Just before reaching this crossing they were struck by appellee's car and injured. There was no bell, gong or whistle sounded, and there was no lighted headlight on the car that struck them. The night was dark and rainy, with a strong wind from the north blowing in their faces. The car that struck them approached from the south, going in the same general direction as they were going at the time they were struck. They testified, as did other witnesses, that the track at this point was laid in sand and cinders, and that cars passing over it

made very slight noise. Each testified that he heard no bell, gong or whistle. Other witnesses testified that the car was going at the rate of about fifteen miles per hour, others that there was no lighted headlight on the front of the car. One, a railroad man, testified that he noticed the absence of the headlight, because of the fact that being a railroad man and seeing the locomotive without a headlight attracted his attention, as being unusual. Other witnesses testified that no bell, gong or whistle was sounded. One or two witnesses testified that there were lights inside of the car, but there was no testimony that these lights could be seen by one in front looking towards the car.

These facts are undisputed and unexplained, and must be taken as true in the consideration of the question before us. That it was negligent to run said car along the streets of said city on a dark and stormy night at the high rate of speed of fifteen miles per hour without a headlight, and without sounding a gong or whistle at street crossings, cannot be denied, and to avoid liability, upon this showing the burden was upon appellee to prove that appellant was contributorily negligent. And if the undisputed evidence does not show a state of facts from which the one inference of contributory negligence may be reasonably drawn, then the court erred in giving the instruction complained of. It is an exceptional case that warrants a court to give a peremptory instruction on oral evidence in favor of the party having the burden. *Indianapolis St. R. Co.* v. *Coyner* (1907), 39 Ind. App. 510; *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223, and cases there cited.

The evidence does not show such a state of facts upon which the court can say as a matter of law that appellant was contributorily negligent. On the contrary, as the evidence stands, it shows that he exercised such care and caution as might warrant the inference that he was free from such negligence. *Indianapolis St. R. Co.*

v. *Taylor* (1907), 39 Ind. App. 592; *Saylor* v. *Union Traction Co.* (1907), 40 Ind. App. 381.

In *Indianapolis St. R. Co.* v. *Taylor, supra*, the court say: ''Counsel for appellant earnestly insist that we should disregard the testimony of the appellee, to the effect that he looked and listened for the approach of a car from the north, for the reason, it is claimed, that his testimony is in conflict with that of all the other witnesses in the case, his own as well as those who testified in behalf of the appellant. It is true that quite a number of other witnesses, both for the appellant and appellee, testified that they were able to see the car some distance away, but all of these witnesses saw the car at different places and under different circumstances from those surrounding the appellee as he approached the Vermont street crossing. They did not see through appellee's eyes, nor hear through his ears. He testifies positively that he looked for the car as he approached the crossing and did not see it. Appellant insists that he should have looked intently, and that he does not claim to have done so, and that, had he looked intently for the car, he might have seen it and avoided the accident. Perhaps we would be bound to say that the evidence does affirmatively show that, if the appellee had stopped, got off of his wheel, and stood still and gazed intently for a few seconds through the gloom of the night in the direction from which the car was coming, he could have made out its dim outlines at a distance of 200 feet away and avoided the accident. But we cannot say as a matter of law that ordinary care required such effort on his part to free him from the charge of contributory negligence. He had as much right to the use of the street as had the appellant, and he had the right to presume that appellant's cars would not be run at a reckless rate of speed across the streets of the city. And, again, he had a right to presume that the street-cars would be provided, when run at night, with a headlight, that citizens using the streets might readily see at a glance, without stopping in their course and

straining their gaze to discover, the approach of the cars through the darkness.''

Judgment reversed with instructions to grant a new trial.