## Ziehm v. Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company.

[No. 6,659. Filed June 8, 1909.]

1. PLEADING.— *Complaint.— Railroads.—Licensees.—Care.*—A complaint alleging that a father and his children were walking along a railroad track, that the defendant railroad company's servants saw the perils of one of such children in time to stop the train, but failed to stop it, thereby killing such child, shows that such child was a licensee, and that the company owed no care except to avoid injury after discovery of the peril. p. 94.

2. EVIDENCE.— *Cross-Examination.— Improper.— Curing.— Examination-in-Chief.—Witnesses.*—Where plaintiff's witness is improperly required on cross-examination to testify to certain facts, such error is cured by his testifying, without objection, as defendant's witness to the same facts. p. 95.

3. TRIAL.— *Interrogatories.— Instructions.—Railroads.—Licensees.* —Where the answers to the interrogatories show that the railroad company's servants, after seeing decedent, a licensee, by the use of ordinary care could not have avoided the killing of decedent, it affirmatively appears that the plaintiff cannot recover, and errors in the giving of instructions are harmless. p. 95.

4. APPEAL.—*Right Result.*—Where the right result has been reached, the judgment of the trial court will not be disturbed. p. 96.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Carl Ziehm against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Willard Phipps, L. A. Douglass* and *George C. Kopp,* for appellant.

*M. Z. Stannard* and *Jonas G. Howard, Jr.,* for appellee.

RABB, J.—This action was brought by appellant in the court below to recover damages for the death of his daughter Anna L. Ziehm, nine years of age, who was struck and killed by appellee's locomotive, drawing a passenger-train, and which accident is charged to have been occasioned by the negligence of the appellee. The case was put at issue, a

jury trial had, resulting in a general verdict in favor of the appellee, and with the verdict the jury returned answers to interrogatories submitted to it.

The facts averred in the complaint show that, at the time the accident occurred, appellant and three of his children were traveling along and upon the appellee's right of way, and that the decedent was walking on the ends of the ties, just outside the rail of appellee's road. The charge of negligence against the appellee is as follows: "That defendant's servants in charge of said locomotive and train approaching from the west saw and discovered the imminent danger and peril that said Anna L. Ziehm was in, while on said track, when said locomotive was 300 feet from said child, and within ample time, by the exercise of ordinary care, to bring said locomotive and train to a stop, and thereby avoid striking and killing said child, as hereinafter alleged; that, notwithstanding said engineer and fireman, who were operating said locomotive and train of defendants while in the line of their employment, saw and discovered the imminent danger and peril of said Anna L. Ziehm, and well knew that said Anna L. Ziehm failed to leave the track where she was walking, and well knew that said child and plaintiff herein were ignorant of, and had no knowledge of, the approach of said locomotive and train, said engineer of defendant carelessly and negligently ran said locomotive and train at, against and upon said Anna L. Ziehm at the rate of speed of forty-five miles per hour, striking said child in the back of the head, inflicting," etc.

The most that could be said in favor of appellant's right to be where he and his children were when the accident happened was that they were traveling along appellee's right of way by permission or license of appellee. Appellee owed the child no duty, except, upon discovering its peril, and its inability, from unconsciousness of the danger and other causes, to escape, to use reasonable care to avoid injuring her. 3 Elliott, Railroads (2d ed.), §1250; *Cannon* v. *Cleveland, etc.,*

*R. Co.* (1902), 157 Ind. 682.  The complaint is predicated upon the theory that the appellee's engineer, in charge of the engine that struck the child, with a knowledge of the danger and of the helplessness of the child, and with the power and ability to prevent the injury, by the use of the means in his hands. failed to exercise reasonable care to avoid the accident.

The errors assigned and discussed in appellant's brief, and relied on for a reversal, are the action of the court in permitting the appellee's witness, who was the engineer in charge of the engine which struck and killed the child, to answer certain questions on cross-examination, appellant's only contention in reference to the subject being that these questions objected to called for matters that were not germane to the examination-in-chief, and therefore not proper subjects of cross-examination.  This same witness was examined by appellee in its own behalf, and precisely the same facts elicited on this examination, without objection from appellant, as were disclosed by the answers to the questions objected to on cross-examination.  The facts testified to by the witness were entirely competent to be given in evidence, and were not disputed.

It is further insisted that the court erred in giving and refusing to give certain instructions to the jury.  Whatever may be said regarding the instructions given or refused, the facts specially found by the jurors in the answers to interrogatories addressed to them, conclusively show that appellant had no case against appellee.

Interrogatories ten and eleven, addressed to the jury, were as follows:  "(10) Did the engineer and servants of defendant in charge of said locomotive and train see and discover the danger and peril of said Anna L. Ziehm upon said railroad track in time, by the exercise of ordinary care, to bring said locomotive and train to a stop before striking said child? A. No. (11) Did the engineer in charge of said locomotive and train which struck and killed Anna L. Ziehm see and

discover her danger and peril upon said railroad track in time, by the exercise of ordinary care, to reduce the speed of said locomotive and train to such an extent as to prevent Anna L. Ziehm from being struck by said locomotive and train? A. No.''

It thus affirmatively appears from the answers to the interrogatories that the facts upon which appellant bases his right of action did not exist, and whatever errors may have intervened in the trial of the cause could furnish no ground for reversal.

Section 700 Burns 1908, §658 R. S. 1881, expressly declares that no judgment shall be reversed, where it appears from the whole record that a fair and impartial trial

4. had been had, and a correct result reached. *Moore* v. *Lynn* (1881), 79 Ind. 299; *Pearce* v. *Dill* (1897), 149 Ind. 136; *Gilliland* v. *Jones* (1896), 144 Ind. 662, 55 Am. St. 210; *Morgan* v. *Jackson* (1904), 32 Ind. App. 169; *Republic Iron & Steel Co.* v. *Jones* (1904), 32 Ind. App. 189; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267; *Miller* v. *Buchanan* (1894), 10 Ind. App. 474; *McCoy* v. *Board, etc.* (1903), 31 Ind. App. 331; *Pittsburgh, etc., R. Co.* v. *Sudhoff* (1910), 173 Ind. 314.

The judgment of the court below is affirmed.