THE PITTSBURGH, CINCINNATI, CHICAGO AND ST.
LOUIS RAILWAY COMPANY v. STATE OF INDIANA.

[No. 22,207.   Filed November 22, 1912.]

1.  CRIMINAL LAW.—Appeal.—Review.—Ruling on Motion for New
    Trial.—Where the record shows that defendant in a criminal
    case failed to file a motion for a new trial within the time fixed
    by statute (§2158 Burns 1908, Acts 1905 p. 584, §282), no ques-
    tion is presented on appeal on the action of the trial court in
    overruling the same.  p. 500.

2.  INDICTMENT.—Motion to Quash.—Defects Reached by Motion.—
    Under §2065 Burns 1908, Acts 1905 p. 584, §194, providing that
    an indictment or affidavit may be quashed for certain defects
    apparent on its face, a motion to quash an indictment against a
    railroad company for failure to equip its locomotive with an au-
    tomatic bell ringer, as provided by Acts 1909 p. 441, on the
    ground that said act is in violation of Art. 1, §8, Constitution of
    the United States, and of the laws of congress enacted there-
    under, relating to interstate commerce, presented no question to
    the court, where it did not appear on the face of the indictment
    that defendant's road or locomotive was operated outside of the
    state.  pp. 500, 501.

3.  CRIMINAL LAW.—Motion in Arrest of Judgment.—Questions Pre-
    sented.—The question of whether the "automatic bell ringer act"
    (Acts 1909 p. 441) is unconstitutional is not raised by a motion
    in arrest of judgment, such motion being authorized under §2159
    Burns 1908, Acts 1905 p. 284, §283, only when the grand jury had
    no legal authority to inquire into the offense charged and when
    the facts stated in the indictment do not constitute a public
    offense.  p. 501.

4.  CRIMINAL LAW.—Motion in Arrest of Judgment.—Questions
    Raised.—Sufficiency of Evidence.—The sufficiency or insufficiency
    of the evidence in a criminal case cannot be called in question by
    a motion in arrest of judgment.  p. 501.

5.  INDICTMENT.—Failure to Provide Automatic Bell Ringer.—
    Sufficiency.—Language of Statute.—An indictment under the act
    of March 8, 1909 (Acts 1909 p. 441), requiring railroad locomo-
    tives to be equipped with automatic bell ringing devices, is suffi-
    cient if drawn in the language of the statute.  p. 501.

6.  CONSTITUTIONAL LAW.—Legislative Authority.—Police Regula-
    tions.—Statutes.—Validity.—The legislature has power to pro-

tect its citizens in their health and safety, and its act in that respect will be upheld, unless it is shown to be unreasonable. p. 502.

7. CONSTITUTIONAL LAW.—*Legislative Authority.—Regulation of Use of Private Property.—Reasonableness of Regulation.—Presumption.*—The legislative regulation of the use of private property must be presumed to be reasonable and necessary, unless the contrary appears from facts of which courts will take notice. p. 502.

8. RAILROADS.—*Operation.—Automatic Bell Ringer.—Statutory Regulations.—Validity.—Constitutional Law.*—The act of March 8, 1909 (Acts 1909 p. 441), requiring railroad locomotives to be equipped with automatic bell ringing devices, is not an unreasonable and arbitrary regulation, and does not contravene §1 of the 14th amendment to the Federal Constitution. p. 502.

9. CONSTITUTIONAL LAW.—*Police Regulation.—"Due Process of Law"*.—The exercise of a police regulation is not a denial of due process of law. p. 502.

From Criminal Court of Marion County (39,280) ; *James A. Pritchard,* Judge.

Prosecution by the State of Indiana against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Pickens & Pickens,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MORRIS, J.—Prosecution, by indictment, against appellant for violation of the act of March 8, 1909 (Acts 1909 p. 441), commonly called the "automatic bell-ringer act". Motion to quash indictment overruled. Appellant entered a plea of not guilty, and also filed a special plea in writing. Trial by the court, resulting in a finding of guilty. Motion for a new trial overruled. Motion in arrest of judgment overruled. Judgment on finding for $100 and costs. From that judgment this appeal is prosecuted.

The alleged errors relied on for reversal are: (1) Overruling motion to quash the indictment ; (2) overruling mo-

tion for a new trial; (3) overruling motion in arrest of judgment.

The record shows that the trial court made its finding on January 9, 1912, and that appellant filed its motion for a new trial on February 17, 1912. Therefore, appellant having failed to file its motion for a new trial in time, no question is here presented on the action of the court in overruling the same. §2158 Burns 1908, Acts 1905 p. 584, §282; *McCutcheon* v. *State* (1911), 176 Ind. 13, 93 N. E. 545, and cases cited.

The motion to quash the indictment alleges: (1) That the facts stated in the indictment do not constitute a public offense, for the following reasons: (a) The act of March 8, 1909, is void, being in violation of article 1, §8, of the United States Constitution, and of the laws of congress enacted thereunder and in pursuance thereof; (b) said act is not a proper exercise of the police power of the State, and is therefore void; (2) that the indictment does not state the offense with sufficient certainty.

The same propositions are presented by the motion in arrest of judgment as are presented by the motion to quash, with the exception that in the former motion it is alleged that the act of 1909, *supra,* is void, for the reason that it is repugnant to §1 of the 14th amendment to the Federal Constitution, in that it deprives the defendant of its property without due process of law.

Appellant contends that the record in this cause shows that the engine, which the indictment charges appellant was operating without having it equipped with an automatic bell-ringing device, was used at the time in handling interstate commerce; and that congress, having enacted laws regulating the equipment of locomotives used and operated in transporting interstate commerce, the legislature was prohibited by article 1 §8, of the Federal Constitution, from enacting the act of March 8, 1909, in so far as it affects appellant.

: This question is not presented to the court either by the motion to quash the indictment, or by the motion in arrest of judgment. The motion to quash only reached ,defects apparent on the face of the indictment. §2065 Burns 1908, Acts 1905 p. 584; *Ford* v. *State* (1887), 112 Ind. 373, 14 N. E. 241; *Hoffman* v. *State* (1911), 176 Ind. 284, 95 N. E. 1002. In a criminal case, a motion in arrest of judgment only raises two questions: (1) That the grand jury which found the indictment had no legal authority to inquire into. the offense charged, for the reason that such offense was not within the jurisdiction of the court; (2) that the facts stated in the indictment do not constitute a public offense. §2159 Burns 1908, Acts 1905 p. 584, §283; *Laydon* v. *State* (1876), 52 Ind. 459; *Ellis* v. *State* (1895), 141 Ind. 357, 40 N. E. 801. The sufficiency or insufficiency of the evidence in a criminal cause cannot be called in question by a motion in arrest of judgment. *Bright* v. *State* (1883), 90 Ind. 343; *Sherwood* v. *State* (1897), 18 Ind. App. 260, 47 N. E. 936.

In *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, it was held that the act of 1909, *supra,* does not purport to govern railroads operating beyond the limits of the State of Indiana. In the present case, the indictment does not disclose that appellant's road, or the locomotives used thereon, were operated outside the State. The indictment is drawn in the language of the statute, and is sufficient. *State* v. *Louisville, etc., R. Co., supra.*

It is next contended that the act is not a proper exercise of the police power of the State, because the regulation imposed is arbitrary and unreasonable. It is also asserted that the enforcement of the act will result in the taking of appellant's property without due process of law. In its brief, appellant states that it operates 250 locomotives in and through the State, and that to equip each with an automatic bell-ringing device will cost $2,500. The legislature has the

power to protect its citizens in their health and safety. It had the right, and it must be presumed exercised it, of learning for itself the reasons which impelled it to act, and unless it can be said, at least, that the act is unreasonable, the courts would not be authorized to overthrow it. Legislative regulation of the use of private property must be presumed to be reasonable and necessary, unless the contrary appears from facts of which courts will take notice. *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7.

Taking into consideration the complexity of modern industrial and commercial life, in which powerful and dangerous railroad locomotives take an important part, it cannot be said that the legislature acted in an unreasonable or arbitrary manner when it enacted a law which requires that locomotives be equipped with a device which will automatically ring the engine bell. The device is calculated not only to give warning to the citizen traveling on the streets and public highways of approaching danger, but at the same time to enable the operators of the locomotives to give their attention to other duties which necessarily require a large amount of care and watchfulness in order that the safety of the citizen be preserved.

There is no merit in appellant's contention that the act contravenes §1 of the 14th amendment to the Federal Constitution. That amendment does not impair the police power of the State, and the exercise of a police regulation is not a denial of due process of law. *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146.

There is no error. Judgment affirmed.

NOTE.—Reported in 99 N. E. 801. See, also, under (2) 22 Cyc. 417; (3) 12 Cyc. 756; (4) 12 Cyc. 759; (5) 22 Cyc. 339; (6) 8 Cyc. 868, 871; (7) 8 Cyc. 803; (8) 33 Cyc. 648; (9) 8 Cyc. 864. As to the fourteenth amendment considered with relation to special privileges, burdens and restrictions, see 25 Am. St. 870.