# NELSON *v.* CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY COMPANY.

[No. 8,212.   Filed January 14, 1914.]

1. NEGLIGENCE.—*Contributory Negligence.—Burden of Proof.—Instructions.*—Under §362 Burns 1908, Acts 1899 p. 58, the defendant in a personal injury case has the burden of proving contributory negligence by a preponderance of the evidence, and if the evidence on that issue is evenly balanced the finding thereon should be for plaintiff; hence an instruction that "the failure of the evidence to show by a fair preponderance that the plaintiff was free from contributory negligence would absolve the defendant from liability even though guilty of negligence" was erroneous.  p. 374.

2. APPEAL.—*Review.—Harmless Error.—Instructions.*—Error in instructions as to the question of contributory negligence, and as to the duty of a pedestrian crossing a street railway track, was harmless, where the jury's answers to interrogatories negatived every charge of negligence contained in the complaint.  p. 374.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by Seth Nelson against the Chicago, Lake Shore and South Bend Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Marvin E. Barnhart* and *L. L. Bomberger,* for appellant.
*F. J. Lewis Meyer,* for appellee.

IBACH, J.—This was an action for damages for personal injuries received when appellant was struck by appellee's interurban car while he was walking across a street in the city of East Chicago, Indiana. Upon a former appeal, a judgment for appellee was reversed because the court had instructed the jury to return a verdict for appellee upon the ground that appellant was, as a matter of law, guilty of contributory negligence. This decision is reported as *Nelson* v. *Chicago, etc., R. Co.* (1908), 41 Ind. App. 397, 83 N. E. 1019. Upon the present appeal it is urged as error only that certain instructions to the jury relating to contributory negligence were erroneous.

By instruction No. 6 the jury was told, ''the failure of the evidence to show by a fair preponderance that the plaintiff was free from contributory negligence would absolve the defendant from liability even though guilty of negli-

1.	gence.'' This is an incorrect statement of the law. Our statute places the burden of proving contributory negligence upon the defendant in personal injury cases. §362 Burns 1908, Acts 1899 p. 58. In order to defeat a plaintiff's recovery in a personal injury suit upon the ground of his contributory negligence, it must affirmatively appear from a preponderance of the evidence that he was guilty of such negligence, and if the evidence on such issue is evenly balanced, the jury should find the plaintiff free from fault. Instruction No. 2 contained some inaccurate statements as to the duty of a pedestrian crossing a street railway track. The court erred in giving instructions Nos.

2.	2 and 6. However, the error in giving these instructions was harmless for the reason that the jury found in answer to interrogatories facts which specifically negative each and every charge of negligence contained in the complaint. Though the erroneous instructions upon contributory negligence may have influenced the jury's find-

ings upon facts relating to that issue, these instructions cannot be conceived to have affected the finding as to the facts relating to negligence on the part of appellee. As said in the case of *Ziehm* v. *Pittsburgh, etc., R. Co.* (1909), 44 Ind. App. 93, 88 N. E. 707, "It thus affirmatively appears from the answers to the interrogatories that the facts upon which appellant bases his right of action did not exist, and whatever errors may have intervened in the trial of the case could furnish no ground for reversal."

Judgment affirmed.

NOTE.—Reported in 103 N. E. 857. On the question of burden of proof as to contributory negligence, see 33 L. R. A. (N. S.) 1085; 10 Ann. Cas. 4. See, also, under (1) 29 Cyc. 597, 644; (2) 38 Cyc. 1815.