YETTER *v.* YETTER ET AL.

[No. 22,713.    Filed November 23, 1915.    Rehearing denied June 30, 1916.]

1.  TRIAL.—*Instruction.—Refusal.*—It is not error to refuse a requested instruction, even though correct, where the subject-matter thereof is fully covered in other instructions given.    p. 208.

2.  WILLS.—*Resistance of Probate.—Testamentary Capacity.—Instruction.*—In an action to resist the probate of a will, an instruction that sickness and weakness of body do not in themselves disqualify one from making and executing a valid will, nor does mere weakness of mind, whether from sickness or otherwise, disqualify one from making and executing a will, the test being whether a testator possesses sufficient strength of mind and memory to know the extent and value of his property, the names and number of those who are the natural objects of his bounty, their deserts with reference to their conduct and treatment of him, their capacity and necessity, together with a memory strong and active enough to retain such facts in mind long enough to have a will prepared and executed, was not improper when considered in connection with other instructions given which correctly defined testamentary capacity.    p. 208.

3.  WILLS.—*Testamentary Capacity.—Erroneous Instruction.—Curing by Answers to Interrogatories.*—Where, in an action to resist the probate of a will, an instruction, in defining what is meant by such unsoundness of mind as will preclude the making of a valid will, erroneously stated that there must be a lack of *each* element necessary to constitute testamentary capacity, such error does not, on appeal, warrant a reversal where the jury found, in answer to special interrogatories, that the testator possessed each element necessary to constitute testamentary capacity, thus making it evident that the verdict would have been the same had the instruction been in correct terms.    p. 209.

From Hamilton Circuit Court; *Meade Vestal,* Judge

Action by Raleigh B. Yetter against Clara Yetter and others.    From a judgment for defendants, the plaintiff appeals.    *Affirmed.*

*Kane & Kane, Cook & Walker* and *Forkner & Forkner,* for appellant.

*A. C. VanDuyne, Charles Tindall* and *Cloe & Gentry,* for appellees.

SPENCER, J.—Andrew F. Yetter departed this life testate on July 11, 1913, a resident of Hancock county. He left surviving him his widow, Clara Yetter, and their two daughters, Lora Ham and Josephine Yetter, who are the appellees herein, also a son, Raleigh B. Yetter, the appellant, who was born of a previous marriage of the testator and after the testator and appellant's mother were divorced. Appellant was reared apart from his father and in the home of his mother, the testator's divorced wife. He never lived with nor in the home of his father, and at the time of the execution of the will in question was a man of full age, in good health and held a responsible and remunerative position, which left him in no way dependent on the testator for support. By the terms of the will of Andrew F. Yetter, which was executed on July 25, 1907, his entire estate was bequeathed and devised as follows: to Clara Yetter, his widow, all his household goods, one sow and pigs, one horse and buggy and harness, and two milch cows, all in lieu of the $500 statutory provision for widows, also one-third of his other personal property remaining after the payment of debts and specific bequests, and one-third of all his real estate; to his daughter Lora Ham one-third of all his personal property after the payment of debts and specific bequests, and one-third of his real estate; to his daughter Josephine Yetter $125, one-third of his personal property after the payment of debts and specific bequests, and one-third of his real estate; and to Raleigh B. Yetter, the sum of five dollars.

To appellees' proposal of this will for probate appellant filed objections on two grounds: (1) That the testator was of unsound mind and incapable of making a will, and (2) that the alleged will was unduly executed. Appellees filed a general

denial to these objections and on the issues thus joined the cause was submitted to a jury for trial. With its general verdict, finding the will valid and properly subject to probate, the jury also returned answers to eighteen interrogatories previously submitted to it. The evidence is not in the record and the facts above stated are taken from the pleadings and from the answers to interrogatories thus returned by the jury. Appellant's motion for a new trial was overruled, and such ruling of the trial court is now challenged by this appeal. The specific questions presented, and not waived, relate to the giving of instructions Nos. 4, 6, 8, and 15 by the trial court on its own motion; to the refusal to give instruction No. 9, properly tendered by appellant; and to the giving of instruction No. 1 properly tendered by appellees.

Instruction No. 9 tendered by appellant and refused, purported to define testamentary capacity and was correct in itself, but the subject was

1. fully covered in other instructions given, and its refusal was not error.

Instruction No. 1, tendered by appellees and given, is as follows: "Sickness and weakness of body do not in themselves disqualify one

2. from making and executing a valid and binding will. Neither does mere weakness of mind, whether from sickness or otherwise, disqualify one from making and executing a will. The test of whether or not one possesses testamentary capacity is whether or not he has the qualifications required by law to execute a will, as follows: Does he possesses sufficient strength of mind and memory to know the extent and value of his property, the number and names of those who are the natural objects of his bounty, their deserts with reference to their conduct and treatment of him, their capacity and

necessity, together with a memory strong and active enough to retain such facts in mind long enough to have a will prepared and executed?" This instruction certainly, when considered in connection with the others given, is not improper.

Instructions Nos. 4, 6, and 15, given by the court on its own motion, have reference respectively to the presumption which exists as to soundness of mind, to the definition of soundness of mind, and to the consideration of the above presumption as an element of evidence. Instruction No. 8 assumes to define what is meant by a person who is incapable of making a valid will by reason of unsoundness of mind, and is erroneous in that it states there must be a want of *each* element necessary to constitute testamentary capacity. Assuming without deciding, that instructions Nos. 4, 6, and 15 are also incorrect statements of the law, we can not agree that any of such errors will warrant a reversal of this judgment. Testamentary capacity and undue execution were the only ultimate facts to be determined under the issues presented by the pleadings. A consideration of the facts found specially by the jury in their answers to interrogatories is sufficient to sustain the broader finding of the jury in its general verdict, and to make it evident that a different result could not have been reached had the instructions above referred to been in correct terms. The jury found in such answers that the testator possessed each element necessary to constitute testamentary capacity, and the general verdict proves the existence of each element necessary to show due execution of his will, thus determining that the alleged facts on which appellant based his action did not exist. Under such conditions, the errors contained in the instructions re-

ferred to are insufficient to warrant a reversal of the judgment herein. *Terry* v. *Davenport* (1907), 170 Ind. 74, 79, 83 N. E. 636; *Putt* v. *Putt* (1897), 149 Ind. 30, 37, 48 N. E. 356, 51 N. E. 337; *Ziehm* v. *Pittsburgh, etc., R. Co.* (1909), 44 Ind. App. 93, 96, 88 N. E. 707.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 195.