## KATZEN v. STATE OF INDIANA.

[No. 24,031. Filed November 16, 1922.]

1. INDICTMENT AND INFORMATION.— *Motion to Quash.*— *Questions Presented.*— *Swearing of Grand Jurors.*— A motion to quash an indictment presents no question concerning the qualifications of its grand jurors, or of the members of the grand jury having been duly and legally charged and sworn, where the indictment purports to have been returned by a legal grand jury. p. 478.

2. INDICTMENT AND INFORMATION.— *Motion to Quash.*— *Questions Presented.*— *Statutes.*— Under §2065 Burns 1914, Acts 1905 p. 584, §194, the face of an indictment must disclose its infirmities to render it subject to attack by a motion to quash, and defects in criminal procedure other than those to which the indictment is subject by statute cannot be pleaded by a motion to quash. p. 478.

3. INDICTMENT AND INFORMATION.— *Motion to Quash.*— *Statutory Limitations.*—A motion to quash is authorized by statute (§2065 Burns 1914, Acts 1905 p. 584, §194) and must be limited by that statute. p. 479.

4. INDICTMENT AND INFORMATION.—*Motion to Quash.*—*Record.*— The record will not cure nor invalidate an indictment under the attack of a proper motion to quash. p. 479.

5. INDICTMENT AND INFORMATION.—*Motion to Quash.*—*Scope.*— Motions to quash point only to the sufficiency of the pleading attacked, the same as demurrers test pleadings in civil actions. p. 479.

6. INDICTMENT AND INFORMATION.— *Indictment.*— *Sufficiency.*— *Failure to Show Impaneling and Swearing of Grand Jurors.*— *Motion to Quash.*—*Statutes.*—Where it appeared that an indictment was returned in open court by the grand jury, the indictment was not subject to a motion to quash on the ground that the record failed to show, either in the caption or in the indictment, that the grand jury was legally impaneled or sworn, the indictment being substantially in the form provided by §2041 Burns 1914, Acts 1905 p. 584, §170, and purporting to have been returned by a legal grand jury, and §2063 Burns 1914, Acts 1905 p. 584, §192, providing that an indictment shall not be quashed for an omission to state that the grand jurors were impaneled, sworn, or charged. p. 479.

7. CRIMINAL LAW.— *Appeal.*— *Presumptions.*— On appeal in a criminal case, nothing appearing in the record to the contrary, all presumptions are in favor of the jurisdiction assumed by the trial court. p. 479.

From Marion Criminal Court (52,053) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Joe Katzen. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Henry Abrams, Jackiel W. Joseph, Isidor Wulfson, R. L. Ewbank* and *Edgar A. Brown,* for appellant.

*U. S. Lesh,* Attorney-General, and *Sumner Kenner,* for the state.

TRAVIS, J.—Appellant appeals from the judgment, which followed the finding of the court, that he was guilty of having received stolen goods, as charged in the indictment against him, and assigns as error, the action of the trial court in overruling his motion to quash the indictment, for the reason: "That said indictment does not show that the grand jurors of Marion county were duly sworn and impaneled."

Appellant, by his brief, very clearly states the question before this court to be decided, viz.: "The question before this court for decision is whether or not in a criminal case the record must show, somewhere, either in the caption or in the indictment, that the grand jury returning the indictment, upon which defendant was convicted, was legally impaneled or sworn."

The order of the court in relation to the return of the indictment in open court, and that part of the indictment which relates to the question predicated upon the assigned error, are as follows:

"BE IT REMEMBERED, that among the records of the criminal court of Marion county, Indiana, are the following in the cause of:

STATE OF INDIANA
     vs.         } No. 52053
JOE KATZEN,  *  *  *

"BE IT FURTHER REMEMBERED, that heretofore to wit: On the 5th day of May, 1921, the Grand Jurors in and for the County of Marion, returned into open court an indictment against the said defendants, which indictment was properly endorsed by Jacob Jacquart, Foreman, and filed by Richard V. Sipe, Clerk and reads as follows, to wit:

"THE STATE OF INDIANA, MARION COUNTY—
    SS:
    CRIMINAL COURT OF MARION COUNTY.

THE STATE OF INDIANA } INDICTMENT FOR
     vs.             RECEIVING
JOE KATZEN,  *  *  *   STOLEN GOODS.

The Grand Jurors for the County of Marion and State of Indiana, upon their oaths, present that," etc.

The indictment purports, upon its face, to have been returned by the grand jury of the county of Marion, and it is substantially in the form provided by statute. §2041 Burns 1914, Acts 1905 p. 584, §170.

The motion to quash an indictment presents no question concerning the qualifications of its grand jurors, or of the members thereof having been duly and

1. legally charged and sworn, where such indictment purports to have been returned by a legal grand jury. *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996; *State* v. *Jackson* (1918), 187 Ind. 694, 121 N. E. 114.

The face of the indictment must disclose its infirmities. Defects in criminal procedure other than those to which the indictment is subject by statute,

2. cannot be pleaded by the motion to quash. *Pittsburgh, etc., R. Co.* v. *State* (1912), 178 Ind. 498,

99 N. E. 801; *State* v. *Jackson, supra;* §2065 Burns 1914, Acts 1905 p. 584, §194.

The pleading known as the motion to quash an indictment is statutory and must be limited by such statute.

3, 4. Appellant's question for decision does not come under the provision of this statute.

The record will not cure nor invalidate an indictment under the attack of a proper motion to quash. §2065 Burns 1914, *supra.*

Motions to quash point only to the sufficiency of the pleading attacked, the same as demurrers test pleadings in civil actions. *Davis* v. *State* (1879), 69

5. Ind. 130, 134; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125.

An indictment shall not be quashed for an omission to allege that the grand jurors were impaneled,

6. sworn, or charged. §2063 Burns 1914, Acts 1905 p. 584, §192.

The order of the trial court which appears in the record, hereinbefore quoted, shows that this indictment was returned into open court by the grand jury in

7. and for Marion county. Nothing appearing of record to the contrary, all presumptions are in favor of the jurisdiction assumed by the trial court. *Holloway* v. *State* (1876), 53 Ind. 554, 556; *O'Brien* v. *State* (1890), 125 Ind. 38, 25 N. E. 137, 9 L. R. A. 323.

Affirmed.