### BOTTORFF *v.* STATE OF INDIANA.

[No. 25,174.    Filed May 26, 1927.    Rehearing denied November 18, 1927.]

1. INDICTMENT AND AFFIDAVIT.—*Motion to quash limited to statutory grounds.*—Section 2227 Burns 1926 specifies the grounds available for a motion to quash an indictment or affidavit, and nothing outside the grounds specified is available.    p. 543.

2. INDICTMENT AND AFFIDAVIT.—*Irregularities in securing grand jury cannot be questioned by motion to quash.*—Irregularity in the selection, impaneling or swearing of the grand jury cannot be presented by a motion to quash the indictment, but an objection based thereon must be pleaded in abatement.    p. 543.

3. INDICTMENT AND AFFIDVIT.—*Matters reached by motion to quash.*—Under the express terms of the statute (§2227 Burns 1926), a motion to quash an indictment or affidavit reaches only matters apparent on the face thereof.    p. 544.

4. FORGERY.—*Indictment for forging check held sufficient.*—An indictment for forgery in the language of the statute (§2946 Burns 1926) charging that the defendant did feloniously "make, forge and counterfeit" a check (setting out the terms thereof) with intent to defraud the alleged maker of the check, states the offense with sufficient certainty, and, if it does not contain any matter which would bar the prosecution, would be sufficient as against a motion to quash.    p. 544.

5. FORGERY.—*Forgery of check may constitute offense without forgery of indorsement.*—The forgery of the signature of the alleged maker of a check may constitute forgery without the forgery of the indorsement.    p. 544.

6. INDICTMENT AND AFFIDAVIT.—*Indictment held to show return by legal grand jury of the county.*—An indictment beginning with the caption "State of Indiana, Lawrence County, Lawrence Circuit Court," and reciting that it was found by the grand jury of Lawrence county, legally impaneled, charged and sworn to inquire into felonies and misdemeanors for said county, showed proper return of the indictment to the Lawrence Circuit Court by a legal grand jury of that county.    p. 544.

7. CRIMINAL LAW.—*Presumption that trial court was correct as to return of indictment.*—It will be presumed by the Supreme Court that the trial court was correct respecting the return of the indictment by the grand jury. p. 544.

8. CRIMINAL LAW.—*Weight and credibility of evidence determined by the court when trial without jury.*—It is within the province of the jury to determine what evidence it will believe and what weight will be given to it, and the same rule applies to the court when the trial is by the court. p. 545.

9. CRIMINAL LAW.—*Finding of trial court not disturbed when some evidence to sustain every material fact.*—The Supreme Court will not disturb the verdict of the jury or the finding of the court when there was some evidence to sustain every material fact essential to a conviction. p. 545.

10. CRIMINAL LAW.—*Accessory before the fact may be charged with and convicted of committing the felony.*—In a prosecution for a felony, it is immaterial that the evidence shows that the defendant was only an accessory before the fact, and not guilty of committing the crime, as the statute provides that an accessory before the fact may be indicted and tried as a principal (§2028 Burns 1926). p. 545.

11. CRIMINAL LAW.—*Appellant's failure to point out where error may be found amounts to waiver thereof.*—Clause 5 of Rule 22 of the Supreme Court requires the appellant to set out in his brief "a concise statement of so much of the record as fully presents every error and exception relied on, referring to pages and lines of the transcript," and a failure to comply with the rule is a waiver of any question not so pointed out. p. 545.

12. CRIMINAL LAW.—*Objections to testimony waived by not pointing out where objections may be found.*—Error in ruling on objections to testimony is waived by not pointing out in appellant's brief where the objections may be found, as the court will not search the record to ascertain whether error was committed. p. 545.

From Lawrence Circuit Court; *James A. Cox*, Judge.

Otis Bottorff was convicted of forgery, and he appeals. *Affirmed.*

*Fred N. Fletcher*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Harry L. Gause*, for the State.

WILLOUGHBY, J.—This is a prosecution by grand jury indictment in one count charging appellant with the forgery of a check. The prosecution is based on §2946

Burns 1926.  The appellant filed a motion to quash the indictment, which motion was overruled by the court and to which ruling, appellant at the time excepted. Appellant was then arraigned, pleaded not guilty and filed a motion for change of venue from Lawrence county, which motion was overruled and exceptions taken by appellant.

There was a trial by the court without a jury.  The trial commenced February 11, 1926, and was completed on February 15, 1926.  The court finding appellant guilty of forgery as charged and fixing his punishment at a fine of $10 and imprisonment in the Indiana reformatory for a period of not less than two years nor more than fourteen years.  Judgment was rendered on this finding February 15, 1926.  On the same date, the appellant filed his written verified motion for a new trial, which motion was on the same date overruled by the court, and exceptions taken.  From this judgment, an appeal is prosecuted and the alleged errors relied on for reversal are:  (1)  The court erred in overruling appellant's motion to quash the indictment; (2) the court erred in overruling appellant's motion for a new trial.

The caption of the indictment is as follows:  State of Indiana Lawrence County SS:  Lawrence Circuit Court, September Term 1925.  *State of Indiana* v. *Otis Bottorff.* Indictment for forgery.

The formal part of the indictment shows that the indictment was by the grand jurors of Lawrence county in the State of Indiana.  That the jury was composed of good and lawful men duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Lawrence in the name and by the authority of the State of Indiana.  And proceeds to charge that one Otis Bottorff, on July 16, 1925, at said county and state aforesaid, did then and there feloniously, unlawfully,

falsely and fraudulently make, forge, and counterfeit a certain check purporting to have been made and executed by one Frank Early to Walter Henderson for the payment of a sum of money to wit: $48 To said Walter Henderson, which said false, forged, and counterfeit check is of the following tenor, viz: No——— Bedford, Indiana, July 17, 1925. The Bedford National Bank 71240. Pay to the order of Walter Henderson $48, Frank Early. Endorsement, Walter Henderson, with the intent, then there, and thereby feloniously, falsely, and fraudulently to defraud the said Frank Early.

The statute, §2227 Burns 1926, provides that: The defendant may move to quash the indictment or affidavit when it appears upon the face thereof either: First. That the grand jury which found the indictment had no legal authority to inquire into the offense charged. Second. That the facts stated in the indictment or affidavit do not constitute a public offense. Third. That the indictment or affidavit contains any matter which, if true, would constitute a legal justification of the offense charged, or other legal bar to the prosecution. Fourth. That the indictment or affidavit does not state the offense with sufficient certainty.

The statue specifies the grounds available for a motion to quash an indictment and nothing outside of the grounds specified is available. *Jackson* v. *State*

1. (1918), 187 Ind. 694, 121 N. E. 114; *Katzen* v. State (1922), 192 Ind. 476, 137 N. E. 29.

Irregularity in the selection, impaneling or swearing of the grand jury cannot be presented by a motion to quash the indictment, but such objection must be

2. pleaded in abatement. *Jackson* v. *State, supra;* *Katzen* v. *State, supra.*

Motions to quash indictments only reach matters apparent on the face thereof. *Donahue* v. *State* (1905),

165 Ind. 148, 74 N. E. 996; *Pittsburgh, etc., R. 3. Co.* v. *State* (1912), 178 Ind. 498, 99 N. E. 801; *Jackson* v. *State, supra; Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209.

An examination of the indictment in this case shows that the indictment is based upon §2946 Burns 1926, and the description of the offense charged is in 4. conformity with the offense described in said section of statute. The indictment, therefore, states a public offense and it does not contain any matter which, if true, will constitute a legal justification of the offense charged, or other legal bar to the prosecution.

Appellant says that the indictment is bad for duplicity, but he does not point out in what that duplicity consists, and the statements in the indictment are 5. sufficient to describe the offense with certainty. None of the objections raised to the indictment appear upon the face of it. It is not charged in the indictment that the indorsement was a forgery, but a forgery of the check could be complete without a forgery of the indorsement.

As to the returning of the indictment by the grand jury of Lawrence county to the Lawrence Circuit Court, the matter is fully covered by the statement in 6, 7. the formal part of the indictment. The Lawrence Circuit Court is a court of general jurisdiction and it does not appear from the record in this case that anything in regard to the return of the indictment was illegal. The presumption of this court is that the trial court was correct. The record shows an indictment purporting to have been returned by a legal grand jury and no question can be raised by the motion to quash as to whether the members of the grand jury were duly and legally charged and sworn. *Harris* v. *State* (1900), 155 Ind. 265, 58 N. E. 75; *Katzen* v. *State, supra;* §2225 Burns 1926.

We find nothing in the record which would warrant

quashing the indictment on account of the infirmities alleged against it. The only other question raised is on the motion for a new trial and the only question raised on that motion is the sufficiency of the evidence to sustain the finding of the court.

It is argued by appellant that certain witnesses for the state had a bad reputation and that they were, on account of such reputation, and, on account of 8, 9. their associates, unworthy of belief, and that the testimony of the witnesses for the defendant should be taken because these witnesses were of good standing and of good character. It was within the province of the jury to determine what evidence they would believe and what weight they would give it, and where the evidence is contradictory, as in this case, this court will not disturb the verdict where there is some evidence to sustain every material fact necessary to sustain the verdict. The same rule applies to trials by the court without a jury. There is some evidence to sustain every material fact alleged in the indictment.

It is argued by the appellant that the evidence for the state, if it shows any guilt on his part, shows that he was not the principal but was only an accessory before 10. the fact to the commission of the crime. That is wholly immaterial in the determination of this case because, by the provision of our statutes, an accessory before the fact, may be indicted as a principal and tried as a principal. §2028 Burns 1926.

Appellant further charges that the court erred in ruling upon certain questions asked the various witnesses for the state but there is no place in the brief pointing 11, 12. out what objection existed to such testimony and, under Rule 22 of this court, the failure of the appellant to point out these objections is a waiver and the court will not search the record to ascertain whether

or not any error was committed in accepting or rejecting such evidence. *Barksdale* v. *State* (1925), 196 Ind. 392, 147 N. E. 765; *Bray* v. *Tardy* (1914), 182 Ind. 98, 105 N. E. 772. In *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481, it is held that errors not mentioned or discussed in appellant's brief under propositions or points as required by clause 5 of Rule 22 of the Supreme Court, are waived.

No error appearing in the record, the judgment is affirmed.