JOHNSON *v.* STATE OF INDIANA.

[No. 26,918.   Filed April 8, 1938.]

*W. S. Henry,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Rexell A. Boyd,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was indicted by the Marion County grand jury upon two counts, the first charging first degree rape, and the second, the commission of rape when armed with a deadly weapon. He was found guilty upon both counts and sentenced upon both counts.

The appellant filed a motion to quash the indictment on the ground "That the defendant is for racial identi-

fication a Negro and that no Negro was permitted to be on or a member of the grand jury voting the indictment solely upon the grounds of race and color." The motion was overruled. The record discloses that throughout the trial the appellant and the court considered the motion as a motion to quash and upon appeal the appellant for the first time insists that his motion was really a plea in abatement evidently realizing that a motion to quash was not a proper pleading to secure his purpose. It is well recognized that a motion to quash points only to the sufficiency of the pleading attacked, the same as demurrers test pleadings in civil actions. *Katzen* v. *State* (1922), 192 Ind, 476, 137 N. E. 29. The motion to quash an indictment presents no question concerning the qualifications of its grand jurors, or of the members thereof having been duly and legally charged and sworn, where such indictment purports to have been returned by a legal grand jury. *Katzen* v. *State, supra.* Irregularities in the selection, impaneling, or the swearing of a grand jury can not be presented by a motion to quash the indictment, but an objection based thereon must be pleaded in abatement. *Bottorff* v. *State* (1927), 199 Ind. 540, 156 N. E. 555.

The state insists, however, that whether the pleading should be considered as a motion to quash or a plea in abatement, the appellant has presented no question to this court. We think this contention is true.

The assignment of error is that the court committed error in overruling appellant's motion for a new trial and then the appellant states, "the principal question raised by the overruling of appellant's motion for a new trial was the overruling of appellant's plea in abatement, designated in its title a motion to quash the indictment, to which ruling of the court the appellant at the time objected and excepted." This

is not only the principal question, but the only question raised.

The appellant has no question presented for two reasons. In the first place, an error in overruling a motion to quash, or the sustaining of a demurrer to a plea in abatement or the finding against one on a plea in abatement, may not be presented for consideration upon appeal by a motion for a new trial. Section 9-1903 Burns 1933, §2310 Baldwin's 1934; *Moore* v. *State* (1927), 199 Ind. 578, 159 N. E. 154. Causes improperly assigned in a motion for a new trial can not be considered. *Guetling* v. *State* (1927), 199 Ind. 630, 158 N. E. 593. In the second place the appellant has failed to set out in his brief his motion for a new trial or the substance thereof and therefore no question as to the correctness of the court's action in overruling said motion is presented. *Guthiel* v. *Dow* (1911), 177 Ind. 149, 97 N. E. 426. Supreme Court Rule 18, Sub. 6.

Judgment affirmed.